In the U.S. District Court for the Middle District of Florida, Tampa Division

Marion Parmer,
    Plaintiff(s)

v.

Vertpac, LLC and Stefanos Stamos,
    Defendant(s)

Case No: 8:17cv1549T23 TGW

## Complaint and Demand for Jury Trial

Plaintiff, Marion Parmer, sues Defendant(s), Vertpac, LLC and Stefanos Stamos, and states as follows:

### Jurisdiction

1. Jurisdiction is proper in this Court pursuant to 29 U.S.C. 216(b), the jurisdictional provision of the Fair Labor Standards Act ("FLSA"), and pursuant to 28 U.S.C. sec. 2201-2202, the Federal Declaratory Judgment Act.

### Parties

2. At all material times, Defendant Vertpac, LLC was a Florida corporation with its principal place of business in Polk County, Florida.

3. At all material times, Defendant Vertpac was a manufacturer and seller of protective paper sleeves for plants to nurseries across America.

4. At all material times, Defendant Vertpac was an "employer" as defined by the FLSA.

5. Vertpac manufactures its products from materials that have moved in interstate commerce.

6. Vertpac sells its products to nurseries in other states in interstate commerce and actively markets them to nurseries in other states.

1

7. At all material times, Defendant Vertpac was "engaged in commerce" as defined by the FLSA.

8. At all material times, Defendant Stefanos Stamos was, and continues to be, an individual resident of the state of Florida.

9. During the time period at issue in this lawsuit, Defendant Stamos had operational control of Vertpac's day-to-day functions, including determining compensation of employees, hiring and discharging employees, controlling employees, and establishing terms and conditions of employment.

10. At all material times, Defendant Stamos was an "employer" as defined by the FLSA.

11. The annual gross revenue of the Vertpac was in excess of $500,000 per year during the time period at issue in this lawsuit.

12. Defendants are subject to enterprise coverage under the FLSA pursuant to 29 U.S.C. § 203(s)(1)(B).

13. At all material times, the Plaintiff was, and continues to be, a resident of Polk County, Florida.

14. At all material times, Plaintiff was "engaged in commerce" as defined by the FLSA.

15. Plaintiff is subject to individual coverage under the FLSA pursuant to 29 U.S.C. § 207(a)(1).

16. At all material times, Plaintiff was an "employee" of Defendants as defined by the FLSA.

17. At all material times, Defendants were the Plaintiff's "employers" as defined by the FLSA.

## FACTS

18. Plaintiff was employed by Defendants as a Production Manager.

19. Defendants' policy was to classify Plaintiff as an "exempt" employee.

20. Plaintiff should have been classified as a "non-exempt" employee under the FLSA.

21. At various times, Plaintiff worked for Defendants in excess of forty hours within a work week.

22. Defendants failed to compensate Plaintiff at a rate of one and one-half times his regular rate for all hours worked in excess of forty hours in a single work week.

23. Plaintiff has retained The Brinson Firm to represent him in this litigation and has agreed to pay a reasonable fee for the firm's services.

## COUNT I – RECOVERY OF OVERTIME COMPENSATION

24. Plaintiff restates the allegations of paragraphs 1 through 23, above.

25. The Defendants have violated the FLSA by:

    a. Failing to compensate Plaintiff at one and on-half times his regular rate for all hours worked in excess of forty hours per week;

    b. Failing to comply with the time tracking and record-keeping requirements of the FLSA and associated regulations.

26. Defendants actions were willful and/or showed reckless disregard for the provisions of the FLSA.

27. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

3

28. Due to the willful and unlawful acts of Defendants, Plaintiff suffered damages and lost compensation for time worked in excess of forty hours per week.

29. Plaintiff is also entitled to liquidated damages pursuant to the FLSA.

30. Plaintiff is also entitled to an award of reasonable attorney's fees and costs pursuant to the FLSA.

## COUNT II – DECLARATORY JUDGMENT

31. Plaintiff restates the allegations of paragraphs 1 through 23, above.

32. Plaintiff and Defendants have a dispute pending concerning violations of the FLSA over which this Court has jurisdiction.

33. This Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. sec. 2201-2202.

34. The Defendants have violated the FLSA by:

   a. Failing to compensate Plaintiff at one and on-half times his regular rate for all hours worked in excess of forty hours per week;

   b. Failing to comply with the time tracking and record-keeping requirements of the FLSA and associated regulations.

35. Plaintiff is entitled to declaratory relief.

36. Plaintiff is entitled to overtime compensation.

37. Plaintiff is entitled to an equal amount of liquidated damages.

38. It is in the public interest to have these declarations of rights recorded.

39. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal dispute at issue.

40. The declaratory judgment action terminates and affords relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that a judgment be entered in his favor against Defendants:

a. Declaring, pursuant to 29 U.S.C. sec. 2201-2202, that the acts and practices complained of are in violation of the FLSA;

b. Awarding Plaintiff overtime compensation in the amount due for all time worked in excess of forty hours per work week;

c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of litigation pursuant to 29 U.S.C. sec. 216(b);

e. Awarding Plaintiff and those similarly situated pre-judgment interest; and

f. Ordering any further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted June 26, 2017.

J. Kemp Brinson
Fla. Bar No. 752541
The Brinson Firm
PO Box 582
Winter Haven, FL 33882
KBrinson@BrinsonFirm.com
Trial Counsel for Plaintiff