UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARION PARMER,

    Plaintiff,

v.                                            Case No. 8:17-cv-1549-T-23TGW

VERTPAC, LLC and STEFANOS STAMOS,

    Defendants.
_____/

## **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE AFFIDAVITS**

    Defendants, VERTPAC, LLC and STEFANOS STAMOS, by and through their undersigned counsel and pursuant to Local Rule 3.01(b), hereby file their Response to Plaintiff's Motion to Strike Affidavits.

    Plaintiff seeks to have two of Defendants' attesting witnesses' affidavits stricken so as not to be considered by the Court in support of Defendants' Motion for Final Summary Judgment. The basis argued in support of the relief sought is that these two witnesses, Jeanette Kapanoske and Tim Schuette, were not listed on Defendants' initial Rule 26 disclosures. The Plaintiff has failed to demonstrate sufficient prejudice to have the affidavits stricken; the nondisclosure was inadvertent and harmless, and Plaintiff's Motion to Strike should be denied because striking the subject affidavits would be overly prejudicial to Defendants.

    If the failure to disclose a witness pursuant to Rule 26(a) is "harmless," then the evidence at issue should not be stricken. Rule 37(c)(1). Further, Rule 26(e)(1) only requires a party to supplement its Rule 26(a) disclosures "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, **and** if the

additional or corrective information has not otherwise been made known to the other parties during the discovery process[.]" Here, Plaintiff had notice of the existence of these witnesses through other means. Specifically, Tim Schuette's name and position with A-Roo was found on seventy-five pages[1] of the documents Defendants produced in response to Plaintiff's Request for Production. Although Tim Schuette was not directly discussed in Plaintiff's deposition, Plaintiff's interaction with Tim Schuette's company (A-Roo) regarding notice of providing pricing information was discussed, including email exchanges between Plaintiff and A-Roo. While Jeanette Kapanoske's name was not directly listed, each deposition taken in this matter discussed "Labor Solutions," Kapanoske's employer, at length. In fact, Plaintiff's interactions with Labor Solution were discussed in Plaintiff's own deposition, including using Labor Solutions, which corroborated that Plaintiff was responsible for hiring temporary employees through Labor Solutions. Moreover, Plaintiff's own Rule 26(a) disclosures listed a "representative" for Labor Solutions. It can hardly be said that Plaintiff was prejudiced by the nondisclosure, as Plaintiff specifically anticipated calling an employee of Labor Solutions that had knowledge of Labor Solutions' dealings and interactions with the Plaintiff. The purpose of the Federal Rules of Civil procedure is to narrow and clarify the issues and to prevent surprise. Hickman v. Taylor, 329 U.S. 495, 507 (1947). In light of the circumstances here, there is no prejudicial surprise to Plaintiff.

Lastly, the contents of both affidavits at issue are based on interactions between the affiants and the Plaintiff. If Plaintiff, who would thus have personal knowledge of

---

[1] Schuette's name was found on the following Bates stamped pages of Defendants' production documents: Def. 00501, 00517-23, 00531, 00563, 00566, 00672-74, 00680-83, 00686, 00713, 00715, 00716, 00740, 00742, 00744, 00946, 01074, 01131, 01180, 01194, 01277, 01393-94, 01404-15, 01501-03, 01505, 01507, 01670, 01699, 01744, 01745, 01826, 01876, 02112, 02142, 02144, 02148, 02150, 02151, 02219, 02242, 02521, 02533, 02591, 02592, 02747-48, 02750, 02751-53, and 02765.

whether the contents of the affidavits were accurate, did not agree with the substance of the affidavits, such arguments should and could have been raised in Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment. Plaintiff could have refuted the facts sworn to by Schuette and Kapanoske in his own affidavit, yet he chose not to. Plaintiff argues that these affidavits should be stricken because he has not had the opportunity to cross-examine the affiants; this is not the standard. In fact, a witness providing an affidavit in support of a motion for summary judgment need not ever actually be deposed. Rather, the affiant must simply set forth admissible facts based on personal knowledge, as was done here. See Rule 56(c)(4). Further, Plaintiff disclosed Labor Solutions as a possible witness and Plaintiff could have deposed a Labor Solutions employee but chose not to in the case.

Finally, if the affidavits are stricken, Defendants would be substantially prejudiced because Kapanoske is the only independent, third-party witness, not employed by Vertpac, who has knowledge about Plaintiff's role in the hiring and firing of temporary workers–an essential element in proving that Plaintiff was an exempt employee under the Fair Labor Standards Act.

Defendants did not willfully refuse to supplement their Rule 26(a) disclosures. Admittedly, the nondisclosures were an oversight and not done with any intentional or ill motive. However, it is clear that Plaintiff has not been prejudiced by the inadvertent nondisclosure. As such, Plaintiff's Motion to Strike should be denied.

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on 1st day of June, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to: J. Kemp Brinson, (KBrinson@BrinsonFirm.com) Attorney for Plaintiff.

                                              s/ Robert J. Aranda
                                              ROBERT J. ARANDA
Florida Bar No. 998324
r.aranda@cttalaw.com
p.roop@cttalaw.com
HANNAH DANTZLER-FLEMING
Florida Bar No. 1002953
h.dantzler@cttalaw.com
CAMPBELL TROHN
 TAMAYO & ARANDA, P.A.
Post Office Box 2369
Lakeland, Florida  33806-2369
(863) 686-0043
(863) 616-1445 Fax
Attorneys for Defendants