UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARION PARMER,

    Plaintiff,

v.                                                Case No. 8:17-cv-1549-T-23TGW

VERTPAC, LLC and STEFANOS STAMOS,

    Defendants.
_____/

## DEFENDANTS' AMENDED[1] MOTION TO REOPEN DISCOVERY FOR LIMITED PURPOSE

Defendants, VERTPAC, LLC and STEFANOS STAMOS, by and through the undersigned counsel, and pursuant to Fed. R. Civ. P. 6(b)(1)(B) hereby move this Court for leave to conduct limited additional discovery.

### Relief Requested

Defendants seek a modification of this Court's Case Management and Scheduling Order (Doc. 15) to re-open discovery, which closed on April 2, 2018, for the limited purpose of conducting the depositions of two witnesses: Jeannette Kapanoske and Tim Schuette.

### Basis for the Requested Relief

Plaintiff has objected to Defendants' calling of two witnesses, Jeannette Kapanoske and Tim Schuette, because Defendants' did not disclose either witness in their Rule 26(a) disclosures. Specifically, Plaintiff has claimed prejudice due to the non-disclosure in that he did not get to depose either of these witnesses prior to the close of

---

[1] The purpose for the amended filing is to update the Local Rule 3.01(g) certification.

discovery. These witnesses were not disclosed because their identities became known through the course of discovery to both parties, and because Defendants intend to call these witnesses for purposes of impeachment and therefore their identities need not be disclosed. However, in the abundance of caution and to cure any prejudice claimed by Plaintiff as a result of his lack of opportunity to have deposed either witness prior to the close of discovery, Defendants are seeking to re-open discovery for the limited purpose of allowing the depositions of Jeannette Kapanoske and Tim Schuette. The parties have coordinated multiple dates in the month of July for these depositions to take place, resulting in no effect on the August trial term, and therefore no prejudice to Plaintiff.

**Memorandum of Law**

Federal Rule of Civil Procedure 6(b)(1)(B) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Whether a litigant has established excusable neglect is entrusted to the district court's discretion. Ashmore v. Sec., Dept. of Transp., 503 Fed. Appx. 683, 686 (11th Cir. 2013). The determination of whether neglect is "excusable" is an equitable one, "taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395 (1993) (discussing excusable neglect in context of the bankruptcy rule's equivalent of Rule 6(b)(1)(B)). Such factors include (1) the danger of prejudice to the non-movant, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. Id.

Here, consideration of these factors weighs in favor of granting Defendants' Motion. As to the first factor, Plaintiff would not be prejudiced if discovery was re-opened for the very limited purpose of deposing two additional witnesses. In fact, the purpose of such discovery would be to alleviate any purported prejudice to allowing these two witnesses to testify at trial by providing Plaintiff an opportunity to explore the testimonies these witnesses would offer. As to the second factor, the relief requested would not impose any delay on the judicial proceedings. As discussed above, the parties are currently coordinating dates in July for the depositions to take place. Thus, the August trial term would remain undisturbed, and no judicial proceedings would be affected. As for the third factor, Defendants' non-disclosure of these two witnesses was unintentional and inadvertent. Additionally, Plaintiff was not prejudiced by the non-disclosure, as these witnesses' identities became apparent throughout the course of discovery. In fact, Plaintiff even listed a "Labor Solutions Representative" on his Rule 26(a) disclosures, which is exactly the capacity Defendants intend to call Jeannette Kapanoske in. Moreover, Defendants intend to call these two witnesses as impeachment witnesses, thus not requiring their disclosure. Finally, in regard to the fourth element, as previously stated, Defendants' non-disclosure was unintentional and inadvertent, and not a bad faith attempt to conceal relevant evidence. Defendants' proposition to re-open discovery is in a good faith attempt to remedy any purported prejudice claimed by Plaintiff from the inability to depose these witnesses pretrial, and is not merely a dilatory measure. The equitable factors weigh in favor of granting Defendants' Motion.

**Conclusion**

Because Plaintiff would not be prejudiced by the granting of this Motion, and because such relief would not pose any delay to the trial proceedings, Defendants respectfully request that this Court grant their Motion to Re-open Discovery for the limited purpose of conducting depositions of two witnesses, Jeannette Kapanoske and Tim Schuette.

### Certificate of Compliance

Defendants hereby certify that, pursuant to Local Rule 3.01(g), counsel for Defendant conferred with counsel for Plaintiff who advised he is opposed to the relief sought herein.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 2nd day of July, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to: J. Kemp Brinson (KBrinson@BrinsonFirm.com), attorney for Plaintiff.

        s/ Robert J. Aranda
        ROBERT J. ARANDA
        Florida Bar No. 998324
        r.aranda@cttalaw.com
        p.roop@cttalaw.com
        HANNAH DANTZLER-FLEMING
        Florida Bar No. 1002953
        h.dantzler@cttalaw.com
        Campbell, Trohn, Tamayo & Aranda, P.A.
        P.O. Box 2369
        Lakeland, Florida 33806-2369
        (863) 686-0043
        (863) 616-1445 (fax)